UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLOVIS ARSENEAULT,        )  |  |
|     Plaintiff,        ) | |
|             ) | |
| v.        ) | CAUSE NO.: 2:99-CV-76-JTM-JEM |
|             ) | |
| AC AND S INC., *et al.,*        ) | |
|     Defendants.        ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Transfer Venue to the Northern District of Illinois [DE 85], filed by Plaintiff Jason Arsenault, special administrator for the estate of Clovis Aresnault, decedent, on September 15, 2015. Plaintiff requests that the Court transfer the instant case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). On September 28, 2015, Defendant CBS Corporation, formerly known as Westinghouse Electric Corporation, filed a response. Plaintiff did not file a reply to Westinghouses's response within the time allotted to do so.

**I.    Background**

Clovis Aresnault filed this action in the Northern District of Indiana in 1999 for injuries he suffered as a result of asbestos exposure. The case was transferred to the Eastern District of Pennsylvania as part of a multi-district litigation. In an order granting in part Defendant's motion for summary judgment, the presiding judge found that the decedent was exposed to asbestos at steel mills in Chicago, Illinois, and Riverdale, Illinois, both in the Northern District of Illinois. There was also exposure during the decedent's employment at State Line Generating Plant, which is located

1

both in Illinois and the Northern District of Indiana.  On March 24, 2015, the case was remanded back to this Court.

**II.     Analysis**

28 U.S.C. § 1404(a) is the provision of the United States Code that governs change of venue and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  Therefore, for a case to be transferred, the movant must demonstrate that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer serves the convenience of the parties and witnesses and is in the interests of justice.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *see also Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, No. 4:13-CV-00098-SEB, 2014 WL 2711838, at *8 (S.D. Ind. June 16, 2014).  The decision to transfer an action is within the sound discretion of the trial court, and the analysis is made on a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Coffey*, 796 F.2d at 219, 220 n. 3.

Plaintiff, deceased, was a resident of the Northern District of Indiana, and the special administrator for his estate is a resident of Ohio.  It appears that Westinghouse is the only defendant remaining in the case at this time, and it is incorporated in Pennsylvania with its principal place of business in Connecticut.  Accordingly, jurisdiction is appropriate in either the Northern District of Indiana or the Northern District of Illinois.

For the analysis of the convenience of the parties and the witnesses, the Court considers the following private interests: "(1) the plaintiff's choice of forum; (2) the situs of the material events;

2

(3) the relative ease and access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). Although specifically set forth in Section 1404(a), "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Travel Supreme, Inc. v. NVER Enters., Inc.*, No. 3:07-CV-194-PPS, 2007 WL 2962641, at *8 (N.D. Ind. Oct. 5, 2007) (quoting *Coffey*, 796 F.2d at 219 n.3). As the moving party, Plaintiff has the burden of showing that the Northern District of Illinois is "clearly more convenient" than the Northern District of Indiana. *Coffey*, 796 F.2d at 219-20.

Plaintiff argues that the Northern District of Illinois is a more convenient forum because Illinois law governs the claims and because most of the asbestos exposure occurred in Illinois. Defendant argues that Indiana law should apply to the case, and that the majority of the factors weigh in favor of keeping the case in Indiana.

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," *In re National Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), and generally a plaintiff's chosen forum is entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). In this case, the decedent initially chose to file suit in Indiana, although his successor, the representative of his estate, now wishes to move the case to Illinois. Courts also "accord considerable weight to the situs of material events." *Banks v. Stevens Transp. Inc.*, No. 2:15-CV-117-TLS-PRC. In this case, the ruling on Defendant's

3

motion for summary judgment concluded that much of the asbestos exposure underlying this case occurred in Illinois, but that the decedent was also exposed to asbestos in Indiana.

As to the relative ease of the witnesses, this "factor . . . is often considered the most important of the transfer factors." *Robinson Steel Co. v. Caterpillar Inc.*, No. 2:10 CV 438, 2011 WL 923415, at *6 (N.D. Ind. Mar. 14, 2011). Defendant argues that the majority of non-party witnesses, including three of the four fact witnesses relied upon by Plaintiff in his motion for summary judgment, are Indiana residents, and that the fourth is a fact witness motivated to testify for Plaintiff who could therefore be easily brought to Indiana. Plaintiff does not include any representation or argument about the convenience of witnesses.

The Court next considers the convenience of the parties. "This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum." *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995) (quoting *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1131 (N.D. Ill. 1989)). Plaintiff does not include any specific argument about the convenience of the parties. Defendant argues that the decedent was an Indiana resident, and that the special administrator of the estate is an Ohio resident, such that Indiana is closer to the administrator's home. Defendant also prefers Indiana.

The convenience of the parties and the witnesses favors Indiana, and Plaintiff has presented very little argument to demonstrate otherwise. The Court now turns to the "interest of justice" analysis, which focuses on the efficient administration of the judicial system rather than on the private considerations of the litigants. *Coll. Craft*, 889 F. Supp. at 1056 (citing *Coffey*, 796 F.2d at 220-21; *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill. 1989)). For this

4

analysis, courts look at the relative docket congestion and speed to trial, the court's familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *see also Coll. Craft*, 889 F. Supp. at 1056 (taking into account considerations including trial speed, trying related cases, and having a judge who is familiar with the applicable law). The only argument Plaintiff makes as to this factor is that Illinois law will apply to the conflict. Defendant disputes this assertion, and also points out that even if Illinois law does apply, courts in the Northern District of Indiana are also capable of applying it. Plaintiff does not argue that the speed to trial or docket congestion are significantly different in the two districts or that resolving the controversy in Illinois is more desirable. Defendant argues that transfer of the case would be a waste of time and resources. The Court notes that there are significantly more cases filed in the Northern District of Illinois, but that as of December 31, 2015, cases took slightly longer to get to trial in the Northern District of Indiana, and the number of cases pending before each judge was roughly comparable.

In considering all of the factors and Plaintiff's insubstantial argument, Plaintiff has not met his burden of showing that the Northern District of Illinois is a "clearly more convenient" forum than the Northern District of Indiana.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion to Transfer Venue to the Northern District of Illinois [DE 85].

SO ORDERED this 13th day of July, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN

UNITED STATES DISTRICT COURT

cc: All counsel of record